[No. 14216.   Department Two. — November 23, 1891.]

## L. F. SHIRLEY, RESPONDENT, *v.* KATE SHIRLEY ET AL., APPELLANTS.

EJECTMENT — CROSS-COMPLAINT — SPECIFIC PERFORMANCE — PAROL GIFT — TENANCY AT WILL — CONFLICTING EVIDENCE — DISREGARD OF VERDICT — DISCRETION. — In an action of ejectment where the defendant seeks by way of cross-complaint to enforce specific performance of a parol gift from the plaintiff to her son, who was the defendant's testator, the evidence as to the gift must be clear and definite, and if there is such a conflict of evidence as makes it uncertain what the terms of the agreement were, and there is evidence tending to show that the deceased son was only a tenant at will, the action of the court in disregarding the advisory verdict of the jury, and finding that there was not a parol gift of the land, is not an abuse of discretion.

ID. — EVIDENCE — ALTERATION OF LETTER — IMMATERIAL MATTER. — Evidence to show the alteration by the plaintiff, of a letter written by her son, under whom the defendant claims, to a sister not a party to the action, and the contents of which do not relate to the alleged promise and agreement of the plaintiff to give the property in controversy to the son, nor touch the plaintiff's credibility as a witness, and could not affect the result of the controversy, is properly excluded by the trial court.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The action was brought to recover the possession of an improved lot in the city of San Diego, the possession of which was given by plaintiff to her son, Frank B. Shirley, who resided thereon from the erection of a house in the spring of 1888, until his death, August 9, 1888. The Silver Terrace property referred to in the opinion is not identified in the transcript. The letter from Frank B. Shirley to his sister, which contained the

allusion to Silver Terrace, was written from San Diego, March 13, 1888, to Mrs. D. W. Morris, East Oakland. The following is an extract therefrom, and is the only relevant portion of the letter: "I do wish you could see our new home; it is just as pretty as can be, although not quite completed, lacking the front doors and transom. I shall send you a photograph just as soon as it is all° done, and you can see much better than I could describe. We will not furnish the parlor or one bed-room for a while, as I have turned all of my money over to mama. . . . . Silver Terrace." The interrogatories propounded to the witness D. W. Morris, to whose deposition the letter was attached, and which, with the answers thereto, were disallowed by the court, were for the purpose of proving that the letter had been mutilated by striking out the words "over to mama," and inserting the words "Silver Terrace," which were claimed to be in the handwriting of the plaintiff, Mrs. L. F. Shirley. Further facts are stated in the opinion.

*Hunsaker, Britt & Goodrich,* for Appellants.

*Collier & Watson,* and *Works, Gibson & Titus,* for Respondent.

FOOTE, C. — This action in ejectment was brought by Mrs. L. F. Shirley, the mother of one Frank B. Shirley, deceased, against his widow and her tenant, H. M. Kutchin. An answer and cross-complaint was filed by the defendants, alleging a parol gift of the premises in controversy by the plaintiff to her son, Frank B. Shirley; that he was dead, and had left by will all his property to his said wife; that he had, before his death, complied with all the conditions of the parol gift and promise made by his mother, and asking for a specific performance thereof. The contentions thus raised were submitted to a jury upon special issues, all of which were found in favor of the defendant, Kate Shirley.

The court below declined to accept the advisory verdict of the jury, and rendered a decision upon the issues made directly contrary thereto, and judgment was entered accordingly.

The appeal here is taken from that judgment, and from an order refusing a new trial.

The only real contentions here are, whether the court was guilty of an abuse of discretion in finding, as it did, upon the allegations of the cross-complaint, and in refusing to admit certain evidence.

In a contest of this kind, to establish and enforce a parol gift of land, "the evidence must be clear and definite, and if there is such a conflict of evidence as makes it uncertain what the material terms of the agreement were, the court will refuse to interfere." (Waterman on Specific Performance, sec. 291.)

The court below adhered to the belief, from the evidence, that no such parol gift as asserted to have been made, and of which specific performance was claimed in the cross-complaint, was intended, and there having been a conflict of evidence as to the matter, we cannot say that the legal discretion vested in that tribunal was abused.

Neither do we perceive any error in refusing to permit answers to the interrogatories propounded to the witness Morris, about a certain letter. It was written by the son of the plaintiff to his sister, and related to matters entirely foreign to those here involved, and even conceding that the alteration was made by the plaintiff, which is not made perfectly clear, yet we do not see how it could affect the issues here made. Suppose the plaintiff did think that her son had put money into Silver Terrace property, instead of loaning it to her, and she had made this addition of the words above quoted in the letter, as expressing her dissent from what he had written, how could that have anything to do with the case here? Certainly it does not relate to her alleged promise and agreement, nor does it touch her credibility as a witness; and even if it had gone to her credibility, in view of all the other evidence in the case, we are unable to perceive that it could have affected the result.

The legal title to the property in dispute was, without question, in the plaintiff; there was certainly some evi-

dence that the party under whom the defendant claimed was a tenant at will only, and that he was dead. We cannot say, therefore, that the court below erred in the course pursued.

For these reasons, we advise that the judgment and order be affirmed.

Belcher, C., and Temple, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.